## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

| | |
|---|---|
| **HARMONY GROVE SCHOOL DISTRICT** | **PLAINTIFF** |
| **v.** | **Case No. 4:25-cv-00750-LPR** |
| **GLOBAL SYNTHETICS ENVIRONMENTAL, LLC, et al.** | **DEFENDANTS** |

## ORDER

This case is about the allegedly improper resurfacing of a synthetic turf football field.[1] Harmony Grove School District owns the field in question and is suing several entities that it believes are responsible for (or related to) the improper resurfacing work.[2] Pending before the Court is Defendants' Motion to Dismiss.[3] The Motion seeks the dismissal of all claims brought by Harmony Grove.[4] The Motion is GRANTED in part and DENIED in part as explained below.

Harmony Grove's principal claim is for a breach of contract.[5] Defendants' challenge to this claim focuses on Harmony Grove's failure to attach the entire contract to the Complaint.[6] The Court rejects this argument for each of the reasons set out in Section IIIA of Harmony Grove's

---

[1] *See generally* Compl. (Doc. 2).

[2] *See id.* ¶¶ 8, 13, 17, 26.

[3] Doc. 12. The Court reads the record on a Rule 12(b)(6) motion to dismiss in a very specific way. The Court accepts as true all historical fact allegations contained in the Complaint. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). But the Court may not, and should not, accept conclusory allegations of fact or law as true. *See id.* ("While the court must accept allegations of fact as true when considering a motion to dismiss, the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.").

[4] Defs.' Mot. to Dismiss (Doc. 12) ¶¶ 1, 5.

[5] Compl. (Doc. 2) ¶¶ 34–39 (section titled "COUNT I — BREACH OF CONTRACT").

[6] Defs.' Br. in Supp. of Defs.' Mot. to Dismiss (Doc. 13) at 7–8.

Brief opposing Defendants' Motion to Dismiss.[7]   Most importantly, in light of Docs. 16–18,

Harmony Grove's initial omission of two pages of the relevant contract has been remedied.[8]

Harmony Grove also advances a claim for breach of the implied covenant or duty of good

faith and fair dealing.[9]  Defendants contend that Arkansas law does not recognize such a claim.[10]

Defendants are right.  For the reasons set out in Legal Argument Section III of Defendants' Brief

supporting their Motion to Dismiss, the Court dismisses this claim.[11]

Harmony Grove also asserts what it characterizes as a *res ipsa loquitur* claim.[12]  Defendants

request to dismiss it.[13]  That request is understandable given Harmony Grove's characterization of

*res ipsa loquitur* as a claim.[14]  But *res ipsa loquitur* is not a claim; instead, it is a legal theory that

can help to prove some other claim of liability.[15]  Because *res ipsa loquitur* is a theory as opposed

---

[7] *See* Doc. 20 at 3–4.

[8] Harmony Grove has provided the missing portion of the contract that was left out of the initial Complaint.  *See* Addendum to Compl. (Doc. 18).

[9] Compl. (Doc. 2) ¶¶ 42–43 (section titled "COUNT III – BREACH OF IMPLIED COVENANT OR DUTY OF GOOD FAITH AND FAIR DEALING").

[10] Defs.' Br. in Supp. of Defs.' Mot. to Dismiss (Doc. 13) at 4–5.

[11] *Id.*  Harmony Grove does not seriously dispute the point.  Instead, Harmony Grove notes that the Arkansas Supreme Court has explained that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance . . . ."  Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss (Doc. 20) at 5–6 (quoting *Ark. Rsch. Med. Testing, LLC v. Osborne*, 2011 Ark. 158, at 4).  Because Harmony Grove is correct on that front, the Court emphasizes that it is making no comment on whether the Complaint alleges enough facts to plausibly suggest a breach of contract by way of a breach of the implied covenant of good faith and fair dealing.  All the Court is saying at this juncture is that there is no standalone implied covenant claim under Arkansas law.  *Ark. Rsch. Med. Testing*, 2011 Ark. 158, at 5–6 ("[The Arkansas Supreme Court] will not recognize any separate cause of action, be it in tort or in contract, for the breach of the covenant of good faith and fair dealing. . . . Therefore, a breach of the implied covenant of good faith and fair dealing remains nothing more than evidence of a possible breach of a contract between parties.").

[12] Compl. (Doc. 2) ¶¶ 50–53 (section titled "COUNT V—RES IPSA [LOQUITUR]").

[13] Defs.' Br. in Supp. of Defs.' Mot. to Dismiss (Doc. 13) at 6.

[14] Compl. (Doc. 2) ¶¶ 50–53 (section titled "COUNT V—RES IPSA [LOQUITUR]").

[15] *See Stalter v. Coca-Cola Bottling Co. of Ark.*, 282 Ark. 443, 446, 669 S.W.2d 460, 462 (1984) ("*Res ipsa loquitur* is a doctrine that, when applied, allows the jury to infer negligence from the plaintiff's testimony of the circumstances surrounding the accident.").

to a claim, it is not subject to dismissal at this juncture.[16]  The Court therefore need not, and does not, discuss whether the *res ipsa loquitur* theory is applicable on the pled facts.  That decision, if ever necessary, is one for a later stage of the case.

Harmony Grove also sets out a claim for breach of express warranties.[17]  Defendants attack this claim by arguing that Harmony Grove did not plead a necessary element of the claim: reliance on the warranty or warranties at issue.[18]  Harmony Grove counters that, under Arkansas law, reliance is not an element of a breach of express warranties claim.[19]  The dispute of law between the parties is a reasonable one.  At a superficial level, the relevant caselaw (provided ably by the parties) seems contradictory.[20]  But, scratching beneath the surface, it seems that the best read of all the cases is as follows.  Where the express warranty at issue is found within the contract itself, reliance is not an element that must be pled.[21]  On the other hand, where the express warranty at issue arises outside the contract, reliance is an element that must be pled.[22]

---

[16] *See id.*  To be clear, the Court is not viewing *res ipsa loquitur* as a separate claim.  If it were, the Court would have dismissed that claim because *res ipsa loquitur* is a theory of liability, not a claim.  Instead, the Court imagines that the *res ipsa loquitur* theory of liability will be used to support one or more of the claims that is moving forward (as appropriate).

[17] Compl. (Doc. 2) ¶¶ 40–41 (section titled "COUNT II — BREACH OF EXPRESS WARRANTIES").

[18] Defs.' Br. in Supp. of Defs.' Mot. to Dismiss (Doc. 13) at 8–10.

[19] Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss (Doc. 20) at 4–5.

[20] *Compare IPSCO Tubulars, Inc. v. Ajax TOCCO Magnathermic Corp.*, 779 F.3d 744, 750 (8th Cir. 2015) ("The Arkansas cases . . . do not establish reliance as essential to a contractual warranty claim."), *with Ciba–Geigy Corp. v. Alter*, 309 Ark. 426, 447, 834 S.W.2d 136, 147 (1992) ("When a buyer is not influenced by the statement in making his or her purchase, the statement is not a basis of the bargain."); *see also Miller v. Ford Motor Co.*, No. 20-CV-01796-DAD-CKD, 2024 WL 1344597, at *9–11 (E.D. Cal. Mar. 29, 2024) (noting the seemingly contradicting authorities).

[21] *See IPSCO Tubulars, Inc.*, 779 F.3d at 750 ("The Arkansas cases . . . do not establish reliance as essential to a *contractual* warranty claim." (emphasis added)).

[22] *See id.; Miller*, 2024 WL 1344597, at *11 (clarifying that "[i]n *IPSCO*, reliance was not an essential element for the plaintiff's express warranty claim because there was no question as to the existence or creation of the express warranty in the parties' equipment contract, unlike a situation in which a warranty is created by a seller's statements and a buyer's reliance thereon[]").

How does this cash out in the instant case?  With respect to the 2022 resurfacing work, Harmony Grove's Complaint does not specifically identify what it believes constituted the express warranties and where those warranties appear.  Instead, in a conclusory manner, Harmony Grove simply pleads that "GeoSurfaces issued express warranties regarding the performance and durability of the turf system, including drainage capabilities, which have been breached."[23]  The Complaint can't just conclude there is an express warranty; it must plead the facts that suggest such a warranty.[24]  And, once that is done, the Court will be in a better position to determine whether reliance is a necessary element of the breach of express warranties claim.

More globally, Defendants assert that Polyloom should be dismissed from this action because Harmony Groves makes no allegations of wrongdoing against Polyloom.[25]  Defendants note that: (1) "[i]n its entire Complaint, Plaintiff mentions Polyloom . . . only once[;]" and (2) the sum and substance of this one mention is that "Polyloom . . . is believed to be the parent company of GeoSurfaces, or may have otherwise recently acquired GeoSurfaces."[26]  Defendants are correct. The Complaint does not plead enough facts to plausibly suggest Polyloom itself did anything wrong or that Polyloom can be tagged with the (alleged) wrongdoing of GeoSurfaces.  Even assuming that the "belief" allegation referenced above is enough to plausibly suggest Polyloom is the parent company of GeoSurfaces, more than corporate parentage needs to be pled for liability to plausibly attach to Polyloom.[27]

---

[23] Compl. (Doc. 2) ¶ 41.

[24] *See supra* note 3.

[25] Defs.' Br. in Supp. of Defs.' Mot. to Dismiss (Doc. 13) at 2–3.

[26] *Id.* (quoting Compl. (Doc. 2) ¶ 6 (cleaned up)).

[27] *See Rounds & Porter Lumber Co. v. Burns*, 216 Ark. 288, 290, 225 S.W.2d 1, 3 (1949) ("[A] parent corporation is not liable for the debts of its subsidiary merely because the parent holds the controlling interest or because the two are managed by the same officers.").  Harmony Grove's best response is that some of the exhibits reference TenCate, the dba name of Polyloom.  *See* Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss (Doc. 20) at 8–9.  But the Court need not forage the exhibits to piece together allegations.  The Court will give Harmony Grove leave to amend its Complaint

In a somewhat similar vein, Defendants assert that Global Synthetics Environmental, LLC should also be dismissed from this case.[28]  Defendants say that the facts set out concerning this particular defendant have no relation to the actual claims brought.[29]  And that seems right. Harmony Grove does not dispute that the facts set out in the Complaint about Global Synthetics Environmental, LLC concern only work Global Synthetics Environmental, LLC did between 2013 and 2022 under a 2013 contract.[30]  Nor does Harmony Grove dispute that its actual claims arise from a 2022 contract it entered with GeoSurfaces, Inc. and work GeoSurfaces, Inc. subsequently performed under that new contract.  To be clear, then, there is a complete mismatch between the conduct attributed to Global Synthetics Environmental, LLC and the alleged conduct that actually underlies the claims in this case.[31]  And there is no allegation to plausibly that Global Synthetics Environmental, LLC took part in or was somehow responsible for GeoSurfaces, Inc.'s allegedly poor work.  Although Harmony Grove baldly contends that the allegations against Global Synthetics Environmental, LLC are enough to keep that Defendant in the case, Harmony Grove never explains why that is true given the complete mismatch between the LLC's alleged conduct and the quite different alleged conduct underlying Harmony Grove's actual claims.[32]

This leaves only Defendants' argument that the "Remedy" and "Limitation of Liability" provisions in the GeoFlo+ manual defeat all the claims in this case.[33]  Defendants are correct that

---

if Harmony Grove believes it can set out more facts in the body of the new Complaint and those facts will plausibly show wrongdoing (or responsibility for others' wrongdoing) on the part of Polyloom.

[28] Defs.' Br. in Supp. of Defs.' Mot. to Dismiss (Doc. 13) at 4.

[29] *Id.*

[30] Compl. (Doc. 2) ¶¶ 8–12.

[31] Indeed, Harmony Grove concedes that there were no issues with the 2013-2022 work performed by Global Synthetics Environmental, LLC.  Compl. (Doc. 2) ¶¶ 11–12.

[32] Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss (Doc. 20) at 8–9.

[33] Defs.' Br. in Supp. of Defs.' Mot. to Dismiss (Doc. 13) at 9–10.

the Court may—as a matter of theory—consider these provisions because they are found in an Exhibit attached to the Complaint (Exhibit 4).[34]  But—at this stage—the Court is unable to determine whether these provisions were part of the contract between the parties or otherwise of any legal effect.  The relevant section is unsigned, and there is nothing to immediately and conclusively show the Court that this manual as a whole was incorporated into the contract.  This is a matter better left for summary judgment.

## CONCLUSION

All in all, then, here is where we are: (1) the breach of contract claim against GeoSurfaces, Inc. and the negligence claim against GeoSurfaces, Inc. moves forward; (2) as to all other Defendants, the breach of contract claims and the negligence claims are dismissed **without prejudice**; (3) the claims for breach of the implied warranty of good faith and fair dealing against all Defendants are dismissed **with prejudice**; and (4) the claims for breach of express warranties against all Defendants are dismissed **without prejudice**.  Harmony Grove is given leave to amend its Complaint so long as it does so on or before 21 days from the date of today's Order.

If there is to be an amendment, Harmony Grove should consider, *among other things*, the following.  First, if Harmony Grove is going to pursue an express warranty claim, Harmony Grove must more specifically identify which warranty or warranties it is relying on for its claim.  And if the express warranty claim (or a part of it) is based on something other than provisions in a contract, facts making reliance on the extra-contractual warranty plausible must be pled (assuming that such facts can be alleged consistent with Rule 11).  Second, Harmony Grove should not use

---

[34] *See* Ex. 4 (GeoSurfaces "GeoFlo+" Installation Manual) to Compl. (Doc. 2) at 40.  A document is embraced by a complaint when, among other things, it is "incorporated by reference or integral to the claim, . . . [appears] in the record of the case, [or is] attached to the complaint . . . ."  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)); *see also Dittmer Props., L.P. v. FDIC*, 708 F.3d 1011, 1021 (8th Cir. 2013) (same).

the same shorthand for Global Synthetics Environmental, LLC and GeoSurfaces, Inc. In the initial

Complaint, Harmony Grove confusingly uses "GeoSurfaces" for both entities.[35] Next time around,

the Complaint should more clearly identify which entity took which actions or clearly allege that

both entities were responsible for certain actions (assuming again this can be alleged consistent

with Rule 11).[36] If the latter course is taken, facts need to be pled to show how both entities were

involved or otherwise responsible for each other's actions. Third, Harmony Grove should remove

its *res ipsa loquitur* theory of liability as a separate count and instead integrate that theory of

liability under the claim (or claims) that the theory allegedly supports. The foregoing points are

by no means exhaustive of the amendments that are required to resurrect all of the claims dismissed

without prejudice. But the Court thought these points would be useful to call to Harmony Grove's

attention.

Finally, Harmony Grove is cautioned that an Amended Complaint will supersede, entirely

replace, and render void the original Complaint.[37] So, if Harmony Grove files an Amended

Complaint, it must include all information (and exhibits) it wants considered in the Amended

Complaint.

IT IS SO ORDERED this 2nd day of February 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[35] *See* Compl. (Doc. 2) ¶¶ 4–5.

[36] It appears to the Court that the conduct attributed to Global Synthetics Environmental, LLC concerns only work done between 2013 and 2022 under a 2013 contract, while all conduct after the 2022 contract is attributable to GeoSurfaces, Inc. *See* Defs.' Br. in Supp. of Defs.' Mot. to Dismiss (Doc. 13) at 4. Nonetheless, the Court is not able to fully evaluate each entity's respective liability without understanding which allegations are attributable to which entity.

[37] *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("[A]n amended complaint [supersedes] an original complaint and renders the original complaint without legal effect.").